IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD J. JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:10cv498 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Richard Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson complained of a conviction for credit card abuse, which he received in 2000. After review of the pleadings, the Magistrate Judge determined that this is the second habeas corpus petition which Johnson filed concerning this same conviction, and recommended that it be dismissed as successive under 28 U.S.C. §2244(b)(3). Johnson filed objections to the Magistrate Judge's Report on October 15 and October 20, 2010.

In his first set of objections, Johnson says that he was denied a jury trial in his conviction, and that this is a "structural error." He further says that the Fifth Circuit has held that prisoners are not required to seek permission to file a petition because a refiling of the petition after dismissal without prejudice is not a successive petition within the habeas corpus statutes, citing In re Gasery, 116 F.3d 1051 (5th Cir. 1997). He also says that the Fifth Circuit has held that a petitioner must be given specific notice that the court is contemplating a dismissal of a habeas petition for abuse, in

1

order to allow a response. He cites Urdy v. McCotter, 773 F.2d 652 (5th Cir. 1985), a pre-AEDPA case, in support of this contention.

In his second set of objections, Johnson complains that the trial court used a "forged waiver" of a jury trial which had been fraudulently obtained, and so the federal court has the power to set aside this judgment under Rule 60(b), Fed. R. Civ. P.

Johnson's objections are without merit. In Gasery, the first petition was dismissed *without* prejudice for failure to exhaust state remedies, and so the Fifth Circuit held that the second petition was not successive. Johnson's first petition was dismissed *with* prejudice, and so his second petition is successive. Assuming that Urdy remains good law after the passage of the AEDPA, which significantly altered the burdens concerning abuse of the writ,[1] the Court did give him notice that dismissal was contemplated and gave him time in which to respond, through the issuance of the Magistrate Judge's Report and the opportunity to object to this Report. Johnson has not shown what arguments he could have made had he been given notice earlier or in some other format.

In his second set of objections, Johnson argues that the Court should have set aside the state court's judgment under Rule 60(b), Fed. R. Civ. P., because of "fraud." He fails to show why this argument could not have been raised in his first petition, and it is therefore successive. Furthermore, the argument lacks merit because Rule 60 of the Federal Rules of Civil Procedure provides a vehicle for a litigant to seek reconsideration of a decision by the same court which had originally rendered that decision. *See, e.g.*, SEC v. Gellas, 1 F.Supp.2d 333, 335 (S.D.N.Y. 1998) (a Rule 60(b) motion must be brought in the court which rendered the disputed order); Goodwin v. Home Buying Inv. Co., Inc., 352 F.Supp. 413, 416 (D.D.C. 1973) (reliance on Rule 60 is misplaced where the judgment from which a party seeks relief was not a judgment of the court in which relief was sought); *accord*, Wright & Miller, Federal Practice & Procedure, §2865 (2nd ed. 1995) (relief under Rule 60(b)

---

[1] In Urdy, the Fifth Circuit suggested that the district court should use a "Rule 9(b) form" as notice of the contemplated dismissal. This form no longer exists as a result of the enactment of the AEDPA in 1996.

"ordinarily is obtained by motion in the court that rendered the judgment"). As Johnson makes clear, the judgment about which he complains was rendered by the state trial court, not the U.S. District Court for the Eastern District of Texas, and so a motion for relief under Rule 60(b) in this court is misplaced.

In addition, the Federal Rules of Civil Procedure do not apply to state trial courts, which have their own rules of procedure. *See* O'Carolan v. Puryear, 70 Fed.Appx. 751, 203 WL 21554892 (5th Cir., July 3, 2003) (where case originated in state court and events relevant to timeliness occurred prior to removal to federal court, Federal Rules of Civil Procedure did not apply). Johnson's second set of objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Richard Johnson is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate refers to an appeal of this case and shall have no effect upon Johnson's right to seek permission to file a successive petition from the Fifth Circuit Court of Appeals. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of November, 2010.**



    **LEONARD DAVIS**
    **UNITED STATES DISTRICT JUDGE**